IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISATU T. KANU, et al.

v. : Civil Action No. DKC 15-3445

TOYOTA MOTOR SALES, USA, INC.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this product liability action are: (1) a consent motion to seal the motion to approve settlement filed by Plaintiffs Isatu T. Kanu, Isha Kanu, Patrick Kanu, Aminata Kanu, and P.K.[1] (collectively, the "Plaintiffs") (ECF No. 89); and (2) a supplemental motion to approve settlement filed under seal by Defendant Toyota Motor Sales, USA, Inc. ("Defendant") (ECF No. 92). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, both motions will be denied.

## I. Background

Plaintiffs commenced this action after a defective power window master switch on the driver's door of Plaintiffs' Toyota Corolla allegedly caused a fire. Plaintiffs were injured while exiting the vehicle. The parties entered into settlement

[1] As P.K. is a minor, he will be referred to only by his initials in accordance with Fed.R.Civ.P. 5.2(a).

discussions and eventually filed a status report with the court indicating that they reached an agreement (the "Settlement Agreement"). (ECF No. 83). According to the status report, "the parties have settled their disputes, and are currently working to finalize the settlement. Among other things, the mediation agreement requires the execution of a mutually agreeable Settlement Agreement, and [c]ourt approval of the resolution as it concerns [Plaintiff P.K.], the minor child of Plaintiff Isatu T. Kanu." (*Id.*).

Plaintiffs filed an amended complaint to include claims brought on behalf of Plaintiff P.K., who was not named in the prior pleadings. (ECF No. 85). Shortly thereafter, Plaintiffs moved to seal the parties' forthcoming motion to approve settlement. (ECF No. 86). The court denied the motion, noting:

> The motion to approve the [Settlement Agreement], however, has not yet been filed. To the extent that Plaintiffs wish to file a forthcoming motion to approve the [Settlement Agreement] under seal, in whole or in part, Plaintiffs should file a motion to seal that comports with Local Rule 105.11 along with the motion to approve the [Settlement Agreement].

(ECF No. 87, at 2-3). Subsequently, Plaintiffs filed a second motion to seal the forthcoming motion to approve settlement. (ECF No. 89, at 1 ("Plaintiffs intend to file a [c]onsent [m]otion to [a]pprove [s]ettlement. In order to protect the confidential nature of the settlement, and the interests of all

parties involved, Plaintiffs move this [c]ourt to enter an order directing that the [m]otion to [a]pprove [s]ettlement be filed under seal.”)). At the same time, Plaintiffs filed under seal the parties’ confidential Settlement Agreement. (ECF No. 88).[2] The court then advised the parties to “file a motion to approve settlement setting forth the court’s authority for doing so as well as the standard to be applied. Furthermore, a full explanation of why the settlement meets the applicable standard must be provided.” (ECF No. 90).

Defendant filed under seal a motion to approve settlement. (ECF No. 92). Plaintiffs responded in opposition, arguing that “the [c]ourt does not have authority to approve [Plaintiff P.K.’s] settlement.” (ECF No. 93, at 1). Defendant has not replied, and the time to do so has expired. Instead, Defendant requested a hearing regarding the court’s authority to approve the Settlement Agreement as to the minor. (ECF No. 94).

**II. Plaintiffs’ Consent Motion to Seal**

A motion to seal must comply with Local Rule 105.11, which provides that:

[2] The parties appear to refer to ECF No. 88 as Plaintiffs’ motion to approve settlement. (*See* ECF No. 92, at 1 (“[O]n April 5, 2016, Plaintiffs filed a [m]otion to [a]pprove [s]ettlement with the consent of Defendant.”)). However, the papers filed as ECF No. 88 include two copies of the Settlement Agreement (ECF Nos. 88; 88-1) and a proposed order requesting that the court grant the motion to approve settlement as fair and reasonable (ECF No. 88-2). At the time, however, the parties had not filed a motion to approve settlement.

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Local Rule 105.11 endeavors to protect the common-law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). If the court determines that sealing is appropriate, it must issue an order stating "the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004); *see In re Knight*, 743 F.2d at 235.

Here, Plaintiffs filed a consent motion to seal the motion to approve settlement. (ECF No. 89). According to Plaintiffs, the parties:

> are pursuing the least drastic alternative under the circumstances by requesting that only the [m]otion to [a]pprove [s]ettlement be sealed. The public will have access to all of the information contained in the other documents filed in this case and, therefore, will know that an action was filed, the specific allegations raised in the action, and that the action was ultimately settled. The only information that Plaintiffs request be sealed is the precise terms of the confidential settlement.

(ECF No. 89-1, at 2). In support, Plaintiffs argued that sealing the motion to approve settlement and the terms of the Settlement Agreement would:

> protect the interests of [] Plaintiffs and Defendant. First, Defendant maintains that [it] has no liability to Plaintiffs. Despite the absence of liability, Defendant recognizes the risk associated with litigation and [is] therefore willing to settle in exchange for alleviating such risk. Defendant's willingness to settle, however, hinges on the confidentiality of the settlement. Without confidentiality, Defendant's incentive to settle is diminished because the nature of the terms of the settlement may generate additional litigation.

(*Id.*). Plaintiffs also filed under seal copies of the Settlement Agreement (ECF Nos. 88; 88-1), and, subsequently, Defendant moved under seal to approve settlement (ECF No. 92).

In a prior order, the court noted that "[t]o the extent that Plaintiffs wish to file the forthcoming motion to approve [] settlement under seal, in whole or in part, Plaintiffs should

file a motion to seal that comports with Local Rule 105.11 along with the motion to approve [] settlement." (ECF No. 87, at 2-3). Here, once again, Plaintiffs prematurely moved to seal a forthcoming filing – Defendant's motion to approve settlement – and provided no adequate basis for doing so. When the parties file motions or materials under seal or with redactions, they are required to file an accompanying motion seeking the court's permission for sealing or redactions with specific representations as justification. *Interstate Fire & Cas. Co. v. Dimensions Assur. Ltd.*, No. GJH-13-3908, 2014 WL 6388334, at *1 (D.Md. Nov. 13, 2014) (noting that the dictates of Local Rule 105.11 "are strict requirements and not simply formalities"); *see Bureau of Nat. Affairs v. Chase*, No. ELH-11-1641, 2012 WL 3065352, at *3 (D.Md. July 25, 2012) ("Aside from the bare fact that defendants and FMH agreed to the confidentiality of the settlement and the obvious interest of almost any party in keeping close the amount it is willing to pay (or receive) to settle a claim, the parties have articulated no basis to seal the settlement agreement."). Plaintiffs' motion will be denied. Pursuant to Local Rule 105.11, the parties will be given 15 days to withdraw the materials. If the materials are not withdrawn, they will be unsealed.

**III. Defendant’s Supplemental Motion to Approve Settlement**

In the Settlement Agreement, the parties agreed that Plaintiffs would file all documentation necessary to have the settlement approved by the court. At the time the Settlement Agreement was drafted, the parties apparently believed that court approval was required due to Plaintiff P.K.’s status as a minor. (*See* ECF No. 88 ¶ 4). The court issued a paperless notice to the parties requiring that they “file a motion to approve settlement setting forth the court’s authority for doing so as well as the standard to be applied.” (ECF No. 90). In its motion to approve settlement, Defendant argues that the court possesses inherent authority to approve settlement to protect the interests of minors. (ECF No. 92). According to Defendant, the court must decide whether “settlement is in the best interest of the child.” (*Id.* at 3 (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-405(c))). Plaintiffs responded in opposition noting that “[u]pon further research, [they] have determined that the [c]ourt does not have authority to approve [Plaintiff P.K.’s] settlement.” (ECF No. 93, at 1).

“Federal courts are not vested with a general power to review and approve settlements of suits between private parties,” although a number of exceptions exist by both statute and rule. *Estate of Sa’adoon v. Prince*, 660 F.Supp.2d 723, 724–25 (E.D.Va. 2009) (identifying class action suits, False Claims

Act cases, shareholder derivative suits, bankruptcy claims, claims involving parties who are incompetent or otherwise lacking capacity to waive rights knowing and intelligently, and wrongful death claims as exceptions to the general rule). According to the United States Court of Appeals for the Fourth Circuit, "a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002) (citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995) ("Our federal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system.")). Here, Plaintiffs argue that the Local Rules "do not provide the [c]ourt with authority to approve a minor's settlement." (ECF No. 93, at 2). Local Rule 111 addresses settlement orders:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated. Alternatively, the Court, upon being notified by counsel that a case has been settled, may require counsel to submit within sixty (60) days a proposed order providing for settlement, in default of which the Court may enter such judgment or other order as may be deemed appropriate.

> An order entered pursuant to this Rule means that the entire case, including all claims, counter-claims, cross-claims, third-party claims, and claims for attorneys' fees and costs has been settled, unless otherwise stated in the order.

Local Rule 111 creates no special obligation for district courts to approve settlements involving minors.

Furthermore, under the Maryland statute regarding settlements involving minors:

> (a) Any action, including one in the name of the State, brought by a next friend for the benefit of a minor may be settled by the next friend.
>
> (b) If the next friend is not a parent or person in loco parentis of the child, the settlement is not effective unless approved by the parent or other person responsible for the child.
>
> (c) If both parents are dead, and there is no person responsible for the care and custody of the child, the settlement is not effective unless approved by the court in which the suit was brought. Approval may be granted only on the written application by the next friend, under oath, stating the facts of the case, and why the settlement is in the best interest of the child.

Md. Code Ann., Cts. & Jud. Proc. § 6-405.[3] "With specific reference to a child's cause of action and parental authority,

---

[3] A federal court sitting in diversity must apply state substantive law and federal procedural law. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). The approval of a settlement agreement is an action that is substantive. *See Nice v. Centennial Area Sch. Dist.*, 98 F.Supp.2d 665, 667 (E.D.Pa. 2000) ("The determination of the fairness of a

[§ 6-405] . . . unequivocally affords parents the authority to settle or release . . . claims on behalf of their minor children." *BJ's Wholesale Club, Inc. v. Rosen*, 435 Md. 714, 732 (2013) (citations omitted). Here, "the mother of [Plaintiff P.K.] is the 'next friend,' and brought the suit for the benefit of the minor. The mother is still alive and she has approved the settlement and signed a release on behalf of [Plaintiff P.K.]" (ECF No. 93, at 3). Thus, § 6-405(b) and (c) do not apply, as the statute requires court approval only when the next friend is not a parent or a person in loco parentis, or when both parents of the minor are deceased. Otherwise, according to § 6-405(a), "[a]ny action . . . brought by a next friend for the benefit of a minor may be settled by the next friend."

In its motion to approve settlement, Defendant identifies case law from other circuits to support its contention that the "[c]ourt's authority to approve a settlement arises from the fact that it has an 'inherent duty to protect the interests of minors and incompetents that come before it.'" (ECF No. 92, at 1 (quoting *Eagan by Keith v. Jackson*, 855 F.Supp. 765, 775 (E.D.Pa. 1994)). Applicable Maryland law, however, contradicts Defendant's argument. "The language of [§ 6-405(a)], which permits a parent to settle a child's existing claims without

---

settlement agreement involving a minor . . . implicates the parties' substantive rights."). The parties agree that Maryland law controls.

judicial interference, notably, is in stark contrast to other states' statutes and rules that require judicial oversight to settle a child's claim." *Rosen*, 435 Md. at 732-33 (citations omitted). Furthermore, the cases upon which Defendant relies to demonstrate that Maryland courts "regularly approve" settlements involving minors are inapposite. (ECF No. 92, at 3).[4] Instead, "parents in Maryland, rather than the courts, are authorized to make decisions to terminate tort claims on behalf of their children pursuant to [§] 6-405." *Rosen*, 435 Md. at 734.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' consent motion to seal will be denied, and Defendant's motion to approve settlement will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

[4] The three Maryland cases that Defendant cites lend limited support to its position. The first case, *Earp v. Gancayco*, No. 211164, 2001 WL 35826132 (Md.Cir.Ct. Nov. 9, 2001), is merely an order approving settlement involving a minor child, but neither the order nor Defendant provides any explanation regarding the status of the minor plaintiff's parents or next friends. In the second case, *Williams v. Work*, 192 Md.App. 438, 446 (2010), *aff'd sub nom. Ace Am. Ins. Co. v. Williams*, 418 Md. 400 (2011), the court references approval of a prior settlement involving minor children regarding the apportionment of funds to potential beneficiaries under Md. Code Ann., Cts. & Jud. Proc. § 3-904(c). In *Ashraft & Gerel v. Shaw*, 126 Md.App. 325 (1999), the severely disabled minor child was declared a child in need of assistance pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-801. Again, Defendant fails to explain how the factual circumstances in *Shaw* are on all fours with the instant case.